Affirmed and Memorandum Opinion filed June 28, 2007








Affirmed and Memorandum Opinion filed June 28, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00545-CR

_______________

 

REBECCA DEE AKINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal
Court at Law No. 2

 Harris County, Texas

Trial Court Cause No. 1355147

                                                                                                                                               


 

M E M O R
A N D U M   O P I N I O N

Rebecca
Dee Akins appeals a conviction for driving while intoxicated (ADWI@), asserting in a single issue that
the trial court erred in admitting a videotape into evidence.  We affirm.








Factual and Procedural Background

At about
9:30 p.m. on February 2, 2006, Sergeant Albert Zavala of the Houston Police
Department (AHPD@) stopped appellant for speeding.  After approaching her vehicle to
explain why he had made the traffic stop, Sergeant Zavala detected a Amoderate@ odor of alcohol on appellant=s breath, noticed her eyes were red,
and found her speech to be Afair.@  Responding to Sergeant Zavala=s questions, appellant admitted that
she had consumed an alcoholic beverage earlier in the evening.  Sergeant Zavala
asked appellant to step out of her vehicle and he then administered a
horizontal gaze nystagmus (AHGN@) test.  Because he found that appellant exhibited clues
indicating possible intoxication, Sergeant Zavala radioed for the dispatch of
an officer certified in the administration of standardized field sobriety
testing. In response to this request, HPD Officer Donald Egdorf arrived at the
scene about thirty minutes later. 

 Officer
Egdorf, a member of the HPD DWI task force, administered four field sobriety
tests to appellant.  This process was recorded by the in-dash video camera in
Officer Egdorf=s police vehicle, but because the microphone was not working, no audio
was captured.  Officer Egdorf arrested appellant for DWI because her physical
condition and performance on the field sobriety testing indicated to him that she
had lost the normal use of her physical and mental faculties.  Once appellant
was transported to the police station, she refused to provide a breath sample[1]
and was processed for DWI.  

After
being charged by information with the misdemeanor offense of DWI, appellant
pleaded not guilty.  A jury convicted her of DWI, and the trial court sentenced
her to 180 days= confinement, suspended for one year, and a $500 fine. 

 








Issue and Analysis

In her
sole issue, appellant contends the trial court erred in admitting the
videotape  from the roadside stop into evidence at trial because the audio
portion was not recorded due to the non-working microphone.  She complains
that, without any audio, the videotape was unduly prejudicial and its admission
misled the jury and denied her a fair trial.

We
review the admission of evidence for an abuse of discretion.  Casey v.
State, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).  So long as the trial
court=s decision was within the zone of
reasonable disagreement, we will not disturb it on appeal.  Montgomery v.
State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh=g).  Although admissible, evidence
may be excluded if its relevance is outweighed by a danger that it will
unfairly prejudice, confuse, or mislead the jury, if its inclusion will result
in undue delay, or if it is needlessly cumulative.  Tex. R. Evid. 403; see also Casey, 215 S.W.3d
at 879.  Because Texas Rule of Evidence 403 favors admissibility of relevant
evidence,[2] the
presumption is that such evidence will be more probative than prejudicial.  Casey,
215 S.W.3d at 879.  The burden is on the opponent of the proffered evidence to
demonstrate the negative attributes of the evidence and to show how those
negative attributes substantially outweigh the probative value of the
evidence.  Goldberg v. State, 95 S.W.3d 345, 367 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d). 








In the trial
court appellant objected to the admission of the road-side videotape under Rule
403[3]
on the ground that Ait was damage [sic] because there was no audio [and] the
videotape itself was rendered to be far more prejudicial than probative.@  On appeal, appellant asserts, in a
conclusory manner, that the admission of the videotape without accompanying
audio was unfairly prejudicial and misleading to the jury because the State
told the jury that, based on the instructions appellant received from the
officer, she failed the roadside sobriety tests.  However, Officer Egdorf
testified that he provided both oral and demonstrative instructions prior to
administering each test, that appellant acknowledged she understood his
instructions, and that, on each of the tests, appellant exhibited multiple
clues indicating intoxication.  Importantly, Officer Egdorf testified that
these tests were not necessarily Apass/fail,@ but instead that the administrator
looks for clues indicating intoxication.[4] 
He explained that appellant=s inability to understand and follow directions was a factor
he considered in determining whether she had the normal use of her mental
faculties.  Appellant, on the other hand,  repeatedly claimed that Officer
Egdorf failed to provide instructions prior to administering the field sobriety
tests.








Although
the audio portion of the videotape would have resolved the contested issue of
whether Officer Egdorf properly instructed appellant on each test, the absence
of audio impacted both appellant and the State equally as to this issue.  The
absence of the audio portion lent no more credence to Officer Egdorf=s claim that he explained the tests
thoroughly to appellant than it did to appellant=s claim that Officer Egdorf failed to
explain the tests to her.  Appellant contends that the Aabsence of audio deprived the jury of
the ability to observe [a]ppellant at the scene in proper context.@  However, the videotape depicted
precisely how appellant physically performed the field sobriety tests immediately
before her arrest and therefore it was probative of the state of her physical
faculties.[5]  Thus,
appellant has failed to rebut the presumption that this videotape was more
probative than prejudicial.  See Casey, 215 S.W.3d at 879.  Under these
circumstances, we conclude that the trial court acted within its discretion in
admitting the videotape into evidence.   Accordingly, we overrule appellant=s sole issue and affirm the trial
court=s judgment.

 

 

/s/        Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed June 28, 2007.

Panel consists of Justices Yates,
Seymore, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           According to appellant, she offered to
provide a blood sample in lieu of the breath sample requested by HPD.





[2]           Appellant does not contest the relevance of
the videotape.





[3]           The record indicates appellant objected
under A4 or 3,@
which we presume is a typographical error by the court reporter because
appellant went on to urge that the videotape was Afar more prejudicial than probative,@
which we interpret as a reference to Rule 403.





[4]           For example, in response to the State=s question regarding the HGN test, Officer Egdorf
stated, AIt=s not
necessarily a pass/fail.  It=s that she
exhibited the maximum number of clues that you could on that test.@  Regarding the Rhomberg test, Officer Egdorf replied
that appellant=s performance was Aoutside
of what we=d consider a normal range. . . .@  When the State asked whether the one-leg stand test
was considered a pass/fail test, Officer Egdorf replied, AIt=s got clues
assigned to it and like [the] other ones you don=t typically say it=s pass/fail. 
You either exhibit clues or you don=t
exhibit clues.@  Finally, the following colloquy occurred regarding
the walk-and-turn test:

[the State]: So in this particular situation, how many clues were
possible on this test?

[Egdorf]: There [are] eight clues
possible on this test.

* * *

[the State]:  And how many clues did she
exhibit?

[Egdorf]: She exhibited actually seven clues; however, I marked her off
as a Acan=t do the test@.

* * *

[the State]: Okay.  So that test is designed for divided attention; she
failed that test, right?

[Egdorf]: If you had to say it=s
pass/fail, which I usually don=t like to do,
yeah, it was a failure.  I prefer to say she exhibited the maximum number of
clues.





[5]           Moreover, the jury was authorized to
convict appellant if it determined she had lost the normal use of her mental or
physical faculties.  Because the jury could have based its verdict on a
determination that appellant had lost the normal use of her physical faculties,
we cannot say that the absence of audio had a substantial and injurious effect
or influence in determining the jury=s
verdict.  See Webb v. State, 36 S.W.3d 164, 182 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).